**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00641-WYD-NYW

CAROLYN S. RAUP,

    Plaintiff,

v.

VAIL SUMMIT RESORTS, INC.,

    Defendant.

---

**ORDER ON PLAINTIFF'S CORRECTED MOTION FOR PROTECTIVE ORDER**

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff's Corrected Motion for Protective Order ("Plaintiff's Corrected Motion") [#33][1] filed on December 4, 2015, and referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), by the Order of Reference dated June 12, 2015 [#18], and the memorandum dated December 7, 2015 [#34]. Argument by counsel relating to the issues presented in Plaintiff's Corrected Motion was heard during the informal discovery conference held on the record on December 1, 2015. [#30]. The court has now reviewed the Parties' briefing and the applicable law, and has determined that further argument on the issue would not materially assist in the disposition of Plaintiff's Corrected

---

[1] Plaintiff also filed a Motion for Protective Order [#32] that was corrected beginning at the bottom of page seven by the filing of the Corrected Motion for Protective Order [#33 at 1], but was not withdrawn. Accordingly, this court DENIES the Motion for Protective Order [#32] as MOOT.

Motion. For the reasons set forth herein, this court GRANTS IN PART and DENIES IN PART the Corrected Motion.

## BACKGROUND

This case arises from injuries sustained by Plaintiff Carolyn S. Raup ("Plaintiff" or "Ms. Raup") while disembarking a chair lift at Breckenridge Ski Resort ("Breckenridge") on or about June 25, 2013. [#5]. In her Amended Complaint, Ms. Raup alleges that she loaded onto a Breckenridge chair lift, with the intention of riding to the top and back down to enjoy the scenery. [*Id.* at ¶¶ 14-15]. At the top, however, Ms. Raup avers that a lift operator unexpectedly directed Ms. Raup and her co-passengers to lift the bar and unload suddenly, causing Ms. Raup to fall, be hit by the chair lift, and suffer serious injuries, including a left femur fracture, left tibial plateau fracture, and left ankle fracture dislocation. [*Id.* at ¶¶ 17-22]. Ms. Raup further alleges that after her release from the hospital, she had to undergo extensive rehabilitation, which disrupted her ability to pursue her normal activities. [*Id.* at ¶ 23].

Ms. Raup initiated this civil action on March 30, 2015, and amended her Complaint on April 1, 2015. [#2, #5]. In her Amended Complaint, she asserts the following two claims against Defendant Vail Summit Resorts, Inc. ("Defendant" or "Vail Resorts"): (1) violation of Landowner's Liability Statute, Colo. Rev. Stat. § 13-21-115; and (2) negligence, including negligence *per se*. Ms. Raup contends that as a result of these injuries, she "has been and remains permanently impaired and disabled, continues to undergo treatment and rehabilitation, continues to experience pain and discomfort, as well as emotional trauma, and loss of time, and is as well unable to pursue her pre-accident normal activities and thus suffers from the loss of enjoyment of life. Many of these injuries and losses are expected to be permanent." [#5 at ¶ 24].

Vail Resorts filed a Motion for Partial Dismissal with respect to the negligence claim, and answered with respect to the violation of the Landowner's Liability Statute. [#11, #12]. As one of its enumerated defenses, Vail Resorts alleges that "Plaintiff's claims are barred, in whole or in part, because the alleged damages and losses, if any, were proximately caused by Plaintiff's own conduct." [#12 at 5]. Vail also asserts "Plaintiff was negligent and such negligence was either the sole or a contributing cause of the alleged injuries and damages, if any, and either bars Plaintiff's claims in their entirety or reduces the damages pursuant to Colo. Rev. Stat. § 13-21-111." [*Id.* at 6].

Defendant now seeks records from two of Ms. Raup's treating physicians, on the basis that information on Ms. Raup's diabetes pertains to whether she had balance or other issues that contributed to her fall and resulting injuries and Ms. Raup's psychology records pertain to her damages claims. In seeking a Protective Order, Plaintiff contends that such medical records are privileged and she has not put such records at issue with the allegations as set forth in the Amended Complaint. [#33]. She further argues that she has not waived any privilege with her treating physicians on non-orthopedic issues. [*Id.*] During the informal discovery conference, Plaintiff's counsel was unwilling to limit Ms. Raup's claims of loss of emotional trauma, enjoyment of life, and inability to pursue her pre-accident normal activities to any specific time period, but rather continued to assert that these alleged consequences of her injuries continued until today.

## ANALYSIS

In considering whether information is subject to discovery, the court exercises its discretion while balancing the interests and burdens of all parties. Under the Federal Rules of

3

Civil Procedure, the general test of discoverability is whether the materials or information sought by a discovery request "is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).[2]  The proper scope of discovery has long been bounded by the principles of proportionality.  Fed. R. Civ. P. 26(b)(2)(C) (superseded effective Dec. 1, 2015); *see also Qwest Commc'ns Int'l v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

Rule 26(b)(2)(C) provides that on motion or on its own, a court must limit the frequency or extent of discovery otherwise allowed by these rules or by a local rule if it determines that the request is outside the scope of Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).  Rule 26(c) permits a court to issue a protective order, upon a showing of good cause, to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, including:  (1) forbidding disclosure or discovery; (2) specifying the terms of any disclosure; and (3) forbidding or limiting the inquiry into certain matters.  Fed. R. Civ. P. 26(c)(1)(A), (B), and (D),  Implicit in the Rule is the fact that the inquiry into a Protective Order is not all or nothing; the court may exercise its

---

[2] Rule 26(b)(1) of the Federal Rules of Civil Procedure was amended, effective December 1, 2015.  Pursuant to 28 U.S.C. § 2074(a) and the Order of the Supreme Court dated April 29, 2015, the amendment shall govern all civil cases commenced after December 1, 2015 and "insofar as just and practicable, all proceedings then pending."
*See* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.  Under this standard, this court applies the amended Federal Rules of Civil Procedure to the disposition of the instant motion.

discretion to craft the contours of a Protective Order that meets the needs of the Parties in a specific case.

I.     **Physician-Patient Privilege**

In this case, because the court's subject matter jurisdiction is based on diversity [#5 at ¶ 4], Colorado substantive law regarding the physician-patient privilege governs. *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1424 (10th Cir. 1990) ("In a civil action based upon a state cause of action, state law controls the determination of privileges."). Under Colorado law, communications between physicians and their patients are generally privileged. "Protecting these communications from disclosure promotes 'effective diagnosis and treatment of illness by protecting the patient from the embarrassment and humiliation' that could result from divulging her medical information." *Reutter v. Weber*, 179 P.3d 977, 980 (Colo. 2007) (quoting *Alcon v. Spicer*, 113 P.3d 735, 738 (Colo. 2005)). To "encourage confidence and to preserve it inviolate," Colorado Revised Statute section 13-90-107(1)(d) prohibits a physician, surgeon, or registered professional nurse duly authorized to practice his or her profession pursuant to the laws of Colorado or any other state from serving as a witness "as to any information acquired in attending the patient that was necessary to enable him or her to prescribe or act for the patient," without the consent of that patient. The burden of establishing the applicability of a privilege falls upon the party seeking to invoke it. *See Alcon*, 113 P.3d at 739.

The privilege is not absolute, however. Both Parties correctly cite to the Colorado Supreme Court's decision in *Alcon v. Spicer*, recognizing that a litigant may waive the physician-patient privilege by injecting her physical or mental condition into the case as the basis of a claim or an affirmative defense. *Alcon*, 113 P.3d at 739. The waiver only extends to

5

communications between physician and patient that relate to the claims; privilege over communications that are wholly unrelated to the injuries and damages claimed is maintained. *Id.* Once a privilege is established, it is the burden of the party seeking to pierce the privilege to establish that it has been waived. *Id.* In this case, Ms. Raup has claimed that her injuries resulted from the fall off a Breckenridge chair lift "she has been and remains permanently impaired and disabled, continues to undergo treatment and rehabilitation, continues to experience pain and discomfort, as well as emotional trauma, and loss of time, and is as well unable to pursue her pre-accident normal activities and thus suffers from the loss of the enjoyment of life. Many of these injuries and losses are expected to be permanent." [#5 at ¶ 24].

Vail Resorts seeks the records from Texas Diabetes & Endocrinology that might pertain to issues caused by Ms. Raup's diabetes, including dizziness, imbalance, and loss of feeling in her extremities. Plaintiff concedes that she can be questioned regarding past injury history. [#33 at 8]. Because Plaintiff contends that her injuries and the resulting damages were solely caused by Vail Resorts and because Defendant contends in its defenses that Ms. Raup's preexisting physical condition may have contributed either to the occurrence of the injury or the fall, the court finds that Ms. Raup has waived any physician-patient privilege with Texas Diabetes & Endocrinology over records that pertain to dizziness, imbalance, and loss of feeling in her feet (but not other extremities); any records of other falls suffered by Ms. Raup that were reported to Texas Diabetes & Endocrinology; or any other conditions that could affect Ms. Raup's gait (such as nerve damage in her feet). The court, rejects, however Vail Resorts' contention that it is entitled to all documents from Texas Diabetes & Endocrinology, as a plaintiff does not waive her

physician-patient privilege for medical records wholly unrelated to her injuries and damages claimed.  *Weil v. Dillon Cos., Inc.*, 109 P.3d 127, 129 (Colo. 2005).

The issue of Ms. Raup's psychiatrist records from Dr. Shana Josephs presents a more difficult issue.  Ms. Raup contends that she is making a generic claim for mental suffering incident to a physical injury in a personal injury case and therefore, she has not waived her privilege.  [#33 at 8-10].  She describes these records as ones which reflect the monitoring of her prescription medication and provided psychotherapy beginning in January 2014.  Bare allegations of mental anguish, emotion distress, pain and suffering and loss of enjoyment of life do not rise to the level of injecting *prior* mental and physical conditions into the case.  *See Alcon*, 113 P.3d at 740 (citing *Weil*, 109 P.3d at 131).  While Ms. Raup contends that her psychotherapy arose from circumstances unrelated to her injuries allegedly caused by Vail Resorts, her privilege log in this case provides insufficient information for the court to make that determination.  To the extent that Ms. Raup discussed with Dr. Josephs the aftermath of her injuries at Breckenridge, such records must be produced.  In addition, Ms. Raup does not simply make a garden variety claim for pain and suffering; she alleges that she is "unable to pursue her pre-accident normal activities and thus suffers from the loss of the enjoyment of life."  Vail Resorts should be entitled to determine whether that inability to pursue pre-accident normal activities and loss of enjoyment of life stem from the alleged injury or some other circumstance.

However, discovery of Ms. Raup's psychiatric records are but one way Vail Resorts may learn of the other issues in Ms. Raup's life affecting her ability to engage in normal activities and loss of enjoyment of life.  *Alcon*, 113 P.3d at 741.  Therefore, this court will permit Vail Resorts to inquire about the bases for Ms. Raup's psychiatric or psychological treatment, and its impact

7

of her ability to engage in normal activities and loss of enjoyment of life.  If Ms. Raup continues to contend that her inability to engage in normal activities and her loss of enjoyment of life are all or substantially attributable to her June 2013 fall and should be compensated by Vail Resorts, Vail Resorts may renew its request for records from Dr. Josephs and this court will undertake an *in camera* review to determine whether the challenged documents relate to the cause and extent of injuries and damages claimed in this lawsuit, whether such documents should be produced, and whether Ms. Raup should be required to sit for further deposition.

Therefore, **IT IS ORDERED** that:

(1) Plaintiff's Corrected Motion for Protective Order [#33] is **GRANTED IN PART** and **DENIED IN PART**; and

(2) Plaintiff's Motion for Protective Order [#32] is **DENIED** as **MOOT**; and

(3) Consistent with the direction of this Order, responsive documents will be produced **no later than half an hour prior to the commencement of Plaintiff's deposition, or December 11, 2015, whichever is earlier**.

DATED:  December 9, 2015

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge