**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00641-WYD-NYW

CAROLYN S. RAUP,

    Plaintiff,

v.

VAIL SUMMIT RESORTS, INC.,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO AMEND CERTAIN CIVIL SCHEDULING
ORDER DEADLINES AND REQUEST FOR EXPEDITED RULING**

---

Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendant's Motion to Amend Certain Civil Scheduling Order Deadlines and Request for Expedited Ruling (the "Motion") [#40] filed on January 12, 2016, and referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), by the Order of Reference dated June 12, 2015 [#18] and the memorandum dated January 13, 2016 [#41]. The court has reviewed the Parties' briefing and the applicable law. For the reasons set forth herein, this court GRANTS IN PART and DENIES IN PART the Motion.

**BACKGROUND**

    This case arises from injuries sustained by Plaintiff Carolyn S. Raup ("Plaintiff" or "Ms. Raup") while disembarking a chair lift at Breckenridge Ski Resort on or about June 25, 2013. [#5]. In her Amended Complaint, Ms. Raup alleges that she loaded onto a Breckenridge chair lift with the intention of riding to the top and back down to enjoy the scenery. [*Id.* at ¶¶ 14-15].

At the top, however, Ms. Raup avers that a lift operator unexpectedly directed Ms. Raup and her co-passengers to lift the bar and unload suddenly, causing Ms. Raup to fall, be hit by the chair lift, and suffer serious injuries, including a left femur fracture, left tibial plateau fracture, and left ankle fracture dislocation. [*Id.* at ¶¶ 17-22]. Ms. Raup further alleges that after her release from the hospital, she had to undergo extensive rehabilitation, which disrupted her ability to pursue her normal activities. [*Id.* at ¶ 23]. In her Amended Complaint, Ms. Raup asserts two claims against Defendant Vail Summit Resorts, Inc. ("Defendant" or "Vail Resorts"): (1) violation of Landowner's Liability Statute, Colo. Rev. Stat. § 13-21-115; and (2) negligence, including negligence *per se*.

Defendant filed the present Motion seeking a 60 day extension of the remaining discovery and dispositive motions deadlines in this case. [#40]. Defendant represents that it has been thwarted in its efforts to obtain medical records pertaining to the injuries Ms. Raup alleges and that an extension of the fact discovery deadline currently set for January 29, 2016 is necessary to allow it to obtain the needed records prior to deposing Ms. Raup and two other fact witnesses. [*Id.* at 2]. Defendant specifically identifies four medical providers from which it still needs to obtain medical records: Seton Medical Center, North Promed Urgent Care, Austin Regional Medical Clinic ("Austin Regional"), and CareMinders. [*Id.* at 4]. It states that it propounded subpoenas on each of these providers in fall 2015, but that as of the date of its Motion it was still working with the providers to obtain the records. [*Id.* at 5].

Defendant does not explain the delay in obtaining the records from Seton Medical Center, North Promed Urgent Care, or CareMinders. However, Defendant explains that the delay in obtaining medical records from Austin Regional is due in part to an ownership change at the

2

clinic during the pendency of the subpoena and a resulting need for Plaintiff to execute a new release form. [*Id.* at 5]. Defendant also represents that Plaintiff has limited the scope of the release for records from Austin Regional because of claims of privilege. According to Defendant, there will likely be a dispute over the adequacy of Plaintiff's privilege log for these records or the application of the privilege (although Defendant represents that counsel for the Parties are attempting to informally resolve this dispute). [*Id.* at 6].

Plaintiff filed a response to the Motion on January 14, 2016. [#42]. Plaintiff proposes an alternative amendment to the scheduling order based on a 30 day extension of the fact discovery deadline and a 10 day[1] extension of the Rule 26(a)(2) opening expert deadline. [*Id.* at 2]. Plaintiff represents that she is making daily efforts to obtain her records from Austin Regional so that she can review them for privilege and produce them. [*Id.* at 1]. She also states that she has provided many medical releases, and that Defendant has already obtained at least 2,000 pages of medical records, many of which are duplicative of the records Defendant is now seeking from the medical providers identified in its Motion. Plaintiff represents that she is not opposed to a reasonable extension of the discovery schedule and proposes a limited extension that would leave the Dispositive Motion deadline unchanged.

## ANALYSIS

A motion to amend a scheduling order must be made pursuant to Fed. R. Civ. P. 16(b)(4) on a showing of good cause. Amendments to the scheduling order are granted with the judge's consent. *Id.* To establish good cause, a party must demonstrate that it has been diligent in

---

[1] Plaintiff requests a 10 day extension in the text of its response brief, but provides a date in its chart showing the proposed amendments that is 9 days after the current deadline. The court will consider Plaintiff's request as one for 10 days.

attempting to the meet the deadlines, which means it must provide an adequate explanation for any delay. *Lehman Bros. Holdings, Inc. v. Universal Amer. Mortg'g Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014).

The court finds that Defendant has established good cause for a limited modification to the scheduling order. Defendant represents that to-date it has been unable to obtain medical records that it has been diligently pursuing from at least four of Plaintiff's medical providers since this fall, and that these medical records are important to its case. Defendant also represents that it must obtain these records prior to deposing Ms. Raup and two fact witnesses. Given the Parties' representations about the current status of Defendant's requests for medical records, including Plaintiff's representation that she is making daily efforts to obtain her records from Austin Regional so that she can review them and produce them to Defendant, the court finds that a 31 day[2] extension of the fact discovery deadline and a 10 day extension to the deadline to disclose affirmative experts are warranted. The court does not foreclose Defendant from seeking a further extension of the fact discovery deadline to the extent that Defendant can establish good cause for that extension closer to the discovery cutoff under the amended schedule. However, the court notes that this court already permitted an extended period of discovery in this matter, and good cause requires a specific articulation of the diligence of the party seeking the extension and the justifications for any such extension.

The amended deadlines in this case are as follows:

| Event | Previous Deadline | Amended Deadline |
|---|---|---|
| Fact Discovery Cutoff | January 29, 2016 | February 29, 2016 |
| Affirmative Rule 26(a)(2) Experts | March 1, 2016 | March 11, 2016 |
| All Rebuttal Experts | March 31, 2016 | No change |

---

[2] A 30-day extension, as requested by Plaintiff, would fall on Sunday, February 28.

| Expert Discovery Cutoff | April 29, 2016 | No change |
| --- | --- | --- |
| Dispositive Motion Deadline | May 27, 2016 | No change |
| Final Pretrial Conference | July 29, 2016 at 2:00 p.m. | No change |

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Amend Certain Civil Scheduling Order Deadlines and Request for Expedited Ruling [#40] is **GRANTED IN PART** and **DENIED IN PART**; and

(2) The deadline for fact discovery is extended to February 29, 2016 and the deadline for Rule 26(a)(2) expert disclosures is extended to March 10, 2016. All other deadlines remain as previously set.

DATED:  January 15, 2016

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge