IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-cv-00641-WYD-NYW

**CAROLYN S. RAUP,**

    Plaintiff,

v.

**VAIL SUMMIT RESORTS, INC.,**

    Defendant.

_____

**PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT RE ISSUE OF WAIVER**
_____

Plaintiff Carolyn Raup moves for partial summary judgment pursuant to Federal Rules of Civil Procedure 56 and Local Rule 56.1.

## I. MOVANT'S STATEMENT OF MATERIAL FACTS

Plaintiff adopts and relies on her Response to Movant's Material Facts and her Version of the Undisputed Facts contained in plaintiff's Response in Opposition to Defendant, Vail Summit Resorts, Inc.'s motion for summary judgment. (See Pl.'s Resp., § III. A. and B.).

## II. SUMMARY JUDGMENT STANDARD

Plaintiff adopts and relies on the Summary Judgment Standard set forth in in plaintiff's Response in Opposition to Defendant, Vail Summit Resorts, Inc.'s motion for

summary judgment. (See Pl.'s Resp., § II.).

### III. ARGUMENT

### A. Based Upon Uncontested Facts, There Does Not Exist an Enforceable Contract Between Plaintiff and Vail Releasing Vail From Liability For Its Own Negligence

Coincidental with this motion, plaintiff filed a response in opposition to defendant, Vail Summit Resorts, Inc.'s ("Defendant's") motion for summary judgment, addressing the issue of release.  This motion follows.  Plaintiff's response addressed the issues of whether a contract was fairly entered into with regard to such, expressed in clear and unambiguous language, per the standards of *Jones v. Dressel,* 623 P.2d 370 (Colo. 1981) (see §IV. C. of Pl.'s Resp.). Plaintiff incorporates that argument herein. Clearly such did not occur, and thus summary judgment must be entered in favor of plaintiff and against Vail, as to that issue.

### B.     Given That Vail is Pursuing a Claim Based upon the Landowner Liability Statute, it as Well is Barred From Asserting a Defense Based upon Waiver

Plaintiff contends as well, as follows.  As admitted in the pleadings and specifically determined by this court, the Colorado Premises Liability Act applies.  Given that fact, exculpatory agreements are not allowed as a matter of public policy.  In the case of *Stanley* v. *Creighton Company*, 911 P.2d 705, 707 (Colo. App. 1996) the court was examining whether an exculpatory clause in a lease agreement excusing a landlord from responsibility for damage or injury except and a case of gross negligence is valid. The court concluded that a waiver of claims of negligence by a lessor, through an exculpatory

2

clause in a residential lease, is a matter of public interest. The court noted:

> "… codification of the premises liability act confirms that landlord negligence is an issue of public concern. The statute, which includes, inter alia, the duty of a landlord to its tenant, see *Jules v. Embassy Properties, Inc.,* 905 P. 2d 13(Colo. App. 1995)  (statute creates duty for landowners); see also *Lakeview Associates v. Maes,* 907 P.2d 580 (Colo. 1995) (tenant is invitee in residential common area), explicitly sets forth that it's purpose is to:
>
> (a)  …   promote a state policy of responsibility by both landowners and those upon the land as well as to assure that the ability of an injured party to recover is correlated with his status as a trespasser, licensee, or invitee;
> ….
> (c)  …  to assure that the language of this section effectuates these legitimate governmental interest… "

The Colorado Supreme Court has consistently held that the Colorado premises liability act abrogated the common law with respect to landowner's duties.  *Vigil v. Franklin*, 103 P.3d 322, 332 (Colo. 2004).

Colorado's premises liability act, C.R.S. §13-21-115, originally enacted in 1986 and amended on 1990 to address equal protection concerns, classifies those injured on the property of another and defines the duty owed by a landowner.  An invitee, such as Sue Raup, may recover for damages caused by the landowner's unreasonable failure to exercise care to protect against dangers of which it actually knew or should have known.  C.R.S. §13-21-115(2) provides "In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing such property, the landowner shall

be liable only as provided and subsection (3) of this section." The Colorado Supreme Court has consistently ruled that the Colorado premises liability act abrogates the common law with respect to landowner duties. Thus, Vail's so called "ticket waiver" is invalid.

A case of particular significance in this analysis is *Bayer v. Crested Butte Mountain Resort, Inc.,* 960 P.2d 70 (Colo. 1998). *Bayer* examined the standard of care duty owed by the chairlift operator for injuries to a skier while riding a Colorado passenger tramway. The matter was referred to the Colorado Supreme Court by the 10th circuit. The Colorado Supreme Court found that "a ski lift operator must exercise the highest degree of care commensurate with the lift's practical operation, regardless of the season." In coming to this conclusion, the court found that neither the Tramway Act or the Ski Safety Act, alone or in combination, preempted or superseded the common-law standard requiring a ski lift operator to exercise the highest degree of care commensurate with the practical operation of the ski lift. "…[T]he primary responsibility for the design and operation of ski lifts… rests with the operators; the Board is to adopt reasonable standards for the industry, but these are not intended to preclude common-law negligence actions or the duty to exercise the highest degree of care." P.72. The Supreme Court obviously considers the operation of passenger tramways to be "a

matter of public concern" just as the court did in *Creighton.*

The first two factors and *Jones v. Dressel*, 623 P. 2d 370, 376 (Colo. 1981) instruct the court to consider the existence of a duty to the public and the nature of the service performed when examining the validity of an exculpatory agreement. The Colorado premises liability act establishes statutorily the duty of a landowner, to exercise reasonable care to protect plaintiff invitees against dangers of which defendant actually knew or should have known. Allowing an exculpatory contract to avoid this duty will defeat the expressed public policy of the premises liability act. (see §13-21-115(1.5)(a) and (d), C.R.S.).

A 10th circuit case cited by defendant, *Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1110 (10th Cir. 2002) rejected a plaintiff's argument that mountain biking is in issue of public concern and involves public duty. In considering the *Creighton* case, the court noted that *Creighton*, while relying on the premises liability act also placed emphasis on the essential nature of residential housing and alluded to a distinction between residential and commercial leases. In the instant case there also exists additional reasons to find an issue of public concern that did not exist in *Minicin*. The Colorado Supreme Court decision and *Bayer* has not been disturbed despite later decisions by that court involving the premises liability act focusing on duties applicable to landowners. Usual recreational activities such

as biking do not involve an individual surrendering themselves to the care and custody of another and giving up their freedom of movement and actions. *Bayer* at 75-76.

Safety of people on a tramway is recognized by the Colorado Supreme Court as imposing a duty of the highest degree of care upon the operators of that tramway. This holding demonstrates a recognition of public importance of protecting individuals who surrender themselves to the care another.

## IV. CONCLUSION

For the foregoing reasons, plaintiff respectfully request that this court grant partial summary judgment in favor of plaintiff on defendant's claim that she has waived liability in this case.

DATED this 5th day of July, 2016,

       The Mellon Law Firm


      By: *s/Joseph J. Mellon*
        Joseph J. Mellon
        1401 Wewatta St., #806
        Denver, CO 80202
        (303) 915-0198
        jmellon@mellonlaw.com

        Cristiano Law, LLC
        Francis Vincent Cristiano

        *Attorneys for Plaintiff*

**Certificate of Service**

I certify that on July 5, 2016, I electronically filed the foregoing with the Clerk using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Craig R. May at may@wtotrial.com
Michael N. Mulvania at mulvania@wtotrial.com
Thomas A. Olsen at olsen@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202

Samuel N. Shapiro at sshapiro@vailresorts.com
Legal Department
Vail Resorts Management Company
390 Interlocken Crescent
Broomfield, CO 80021

*s/ Glen Braddy*