# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00641-WYD-NYW

CAROLYN S. RAUP,

    Plaintiff,

v.

VAIL SUMMIT RESORTS, INC.,

    Defendant.

---

**VSRI'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTARY AUTHORITY**

---

    In her Notice of Supplementary Authority, Plaintiff argues that *Stone v. Life Time Fitness, Inc.*, 2016 COA 189, supports her position that the liability waiver she agreed to in this case (the "Ticket Waiver") is unenforceable under the four-factor test established in *Jones v. Dressel*, 623 P.3d 370, 376 (Colo. 1981). (Doc. 73.) Plaintiff is wrong.

    In *Stone*, the plaintiff signed a liability release when she became a member of a fitness club (the "*Stone* Release"). 2016 COA 189, ¶ 5. While in the fitness club's locker room, the plaintiff washed her hands at a sink, then, turning to leave, tripped over a hair dryer cord and fractured her ankle. *Id.* ¶ 3. She brought a premises liability claim against the club, which moved for summary judgment on the basis that the *Stone* Release was valid and enforceable and barred her claim. *Id.* ¶ 5. The district court granted summary judgment; the Court of Appeals reversed, concluding, under the fourth *Jones* factor, that the Release "[did] not clearly, unambiguously, and unequivocally bar [plaintiff's claim] based on the injuries she alleges she sustained after she washed her hands in the women's locker room." *Id.* ¶ 35.

As an initial matter, Plaintiff ignores *Stone*'s discussion of the first three *Jones* factors, which support the enforceability of the Ticket Waiver here. The *Stone* court noted, consistent with longstanding Colorado precedent, that (1) "no public duty is implicated if a business provides recreational services"; (2) recreational services are "neither essential nor a matter of practical necessity"; and (3) recreational contracts do not implicate concerns regarding disparities in bargaining power because participants can take their business elsewhere. *Id.* ¶¶ 16-19. All of these points apply here as well. (Doc. 54 at 15-16.) *Stone* actually bolsters VSRI's position as to the first three *Jones* factors.

Plaintiff instead focuses on *Stone*'s application of the fourth *Jones* factor: whether the parties expressed their intent to waive the claim at issue in clear and unambiguous language. *Jones*, 623 P.2d at 376. But *Stone* is fundamentally different.

Crucially, the *Stone* Release did not state that it barred claims for injuries suffered in the club's locker room. *Id.* ¶ 34. And "the dominant focus of the [Release was] on the risks of strenuous exercise and use of exercise equipment at the fitness center." *Id.* ¶ 27. The Release provided that the plaintiff understood there is an "inherent risk of injury" from using fitness club equipment and services, listed various fitness activities as the types of inherent risks, and released the club from liability for injuries arising from such risks. *Id.*, bullets 2-3. The plaintiff in *Stone* conceded that the Release would "preclude her from asserting claims under the [Premises Liability Act] for any injuries she might sustain when working out on a treadmill, stationary bicycle, or other exercise equipment or playing racquetball." *Id.* ¶ 13. But she argued, and the Court of Appeals agreed, that the fitness-focused Release did not clearly and unambiguously release claims for injuries resulting from locker room use. *Id.* ¶ 30. The court

2

further noted that, under Colorado statutes and case law, the Release's use of the term "inherent risk of injury" meant the Release applied only to "activities that are dangerous or potentially dangerous" (like skiing or horseback riding), which does not include using a locker room. *Id.* ¶¶ 29-30.[1]

Here, by contrast, Plaintiff's injury falls squarely within the scope of the Ticket Waiver, which states that a ticket holder "VOLUNTARILY ASSUMES ALL RISKS associated with visiting the Fun Park, including the risks of property damage, personal injury, or death." (Doc. 54 at 16-17 (emphasis added).) And the Ticket Waiver clearly releases VSRI from liability for injuries "that could arise from the negligence of the [ticket holder] or others, including the negligence of the Fun Park operator or its employees . . . ." (*Id.* at 17.) Plaintiff was injured disembarking a chair lift at the Fun Park, exactly the type of activity covered by the Ticket Waiver. Unlike in *Stone*, the Ticket Waiver clearly and unambiguously applies to bar Plaintiff's claim.

Plaintiff argues that the Ticket Waiver is ambiguous because it contains "extremely dense fine print" and "legal jargon." (Doc. 73 at 2.) This is inaccurate. The *Stone* Release included random references to legal chapter sections that were vague and unintelligible even to the fitness club's own attorney. 2016 COA 189, ¶ 26. It also was "replete with" confusing legalese, impacting the clarity of what was being released. *Id.* ¶ 25. And the specific release language—"I

---

[1] Plaintiff argues that *Stone*'s discussion of "inherent risk of injury" statutes and cases means, as a matter of law, that waivers of liability only apply to activities that are dangerous or potentially dangerous—and riding a chair lift is not such an activity. (Doc. 73 at 3.) This is incorrect. *Stone* relied on those authorities because the *Stone* Release expressly invoked the phrase "inherent risk of injury." The Ticket Waiver makes no such reference, and instead generally refers to "risks associated with visiting the Fun Park," which unquestionably includes riding a chair lift. And riding a chair lift hundreds of feet off the ground is a potentially dangerous activity—certainly more so than washing one's hands.

3

waive any and all claims or actions that may arise . . . as a result of <u>such injury</u>"—referred back to "the confusing assumption of risk clause" in the Release, a reference that the fitness club's attorney conceded was "squirrely." *Id.* ¶ 31. The so-called dense fine print from *Stone* only added to the confusion for a lay person. Here, the Ticket Waiver simply states: "the [Ticket] Holder agrees not to bring any claim or lawsuit against the Fun Park or its affiliates that could arise from the negligence of the Holder or others, including the negligence of the Fun Park operator or its employees . . . ." (Doc. 54 at 17.) This is straight-forward language that lay people can understand, and it directly connects the release ("the Holder Agrees not to bring any claim or lawsuit") with the source of potential injury ("the negligence of the Holder or others, including the negligence of the Fun Park operator or its employees"). The Ticket Waiver is the opposite of "squirrely."[2]

In sum, *Stone* supports VSRI's position, not Plaintiff's.

---

[2] *Stone* provides no support for the notion that small print, by itself, makes a release ambiguous and unenforceable. The *Stone* Release's font size was one of seven factors bearing on the court's ultimate conclusion that the release created a likelihood of confusion as to the full extent of the release. *Id.* ¶ 35. And in any case, the Ticket Waiver's font is easily readable.

Dated: January 9, 2017					Respectfully submitted,


*s/ Craig R. May*
Craig R. May
Michael N. Mulvania
Thomas A. Olsen
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:    may@wtotrial.com
          mulvania@wtotrial.com
          olsen@wtotrial.com

Samuel N. Shapiro
Legal Department
Vail Resorts Management Company
390 Interlocken Crescent
Broomfield, CO  80021
Telephone:  303.404.1895
Facsimile:  303.648.6569
Email:    sshapiro@vailresorts.com

*Attorneys for Vail Summit Resorts, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Francis Vincent Cristiano**
  frank@cristianolaw.com, kelly@cristianolaw.com, glen@cristianolaw.com

- **Craig Ruvel May**
  may@wtotrial.com, ganderson@wtotrial.com, shaw@wtotrial.com

- **Joseph J. Mellon**
  jmellon@mellonlaw.com

- **Michael Norris Mulvania**
  mulvania@wtotrial.com, ganderson@wtotrial.com

- **Thomas Austin Olsen**
  olsen@wtotrial.com, farina@wtotrial.com

- **Samuel Nathan Shapiro**
  sshapiro@vailresorts.com, samshapiro@hotmail.com, nmuell@vailresorts.com, strujillo@vailresorts.com, awilkins@vailresorts.com

s/ *Craig R. May*